Louis G. Friedman, J.
In this action for a breach of an employment contract, defendants move for an order pursuant to rule 103 of the Rules of Civil Practice and section 241 of the Civil Practice Act, striking out the first cause of action on the ground (1) that it and virtually every allegation contained therein are on the face thereof scandalous, impertinent and tend to prejudice and embarrass the defendants and defendants ’ rights to a fair trial; (2) that section 241 of the Civil Practice Act is not complied with as the complaint is so poorly drawn that the entire cause of action should be stricken. As an alternative relief, defendants move for an order pursuant to rule 103 of the Rules of Civil Practice and section 241 of the Civil Practice Act, striking out a number of the paragraphs as frivolous, scandalous, vicious and defamatory.
Defendants also move for an order pursuant to rule 90 of the Rules of Civil Practice, requiring the plaintiff to serve an amended complaint to contain separate allegations of the first and second causes of action in lieu of the alleged multiple allegations contained in a number of the paragraphs and for a further order pursuant to rule 106 of the Rules of Civil Practice dismissing the second cause of action on the ground that it fails to state facts sufficient to constitute a cause of action.
The complaint in substance sets forth two causes of action, (1) for a breach of an employment agreement and (2) for the defendants’ failure to pay for overtime work performed by the plaintiff on their behalf.
A motion under rule 103 of the Rules of Civil Practice cannot be used for the purpose of striking out the entire cause of action. The purpose of such a motion is to strike out specific matter contained in a pleading that is sham, frivolous, scandalous, etc., and not to be used as a substitute for any motion attacking its sufficiency, unless the pleading is hopelessly defective (Joseph v. Ervolina, 285 App. Div. 1218). The first cause of action, *177 while subject to the deletion of some of its paragraphs, is not so defective as to warrant striking out the entire cause of action. Accordingly, the first phase of the motion under rule 103 of the Rules of Civil Practice and section 241 of the Civil Practice Act are denied. However, as to the alternative relief requested under the same rule, the court believes that the plaintiff has pleaded a number of paragraphs which are irrelevant and prejudicial for the type of action involved. It may well be that such particulars may be proper as evidence, but they are not essential nor do they comply with section 241 of the Civil Practice Act. Under the circumstances, paragraph numbered “ Eleventh ” should be amended by striking out the words “ and unscrupulous ” and the words commencing with “ said complaints ” and ending with the word “ conducted.” Paragraphs numbered “ Twelfth ” and “ Seventeenth ” are also struck out.
The relief requested under rule 90 of the Rules of Civil Practice is denied. The defendants should encounter no difficulties in pleading to the respective causes of action, with the paragraphs deleted as indicated.
As to the motion pursuant to rule 106 of the Rules of Civil Practice attacking the second cause of action for insufficiency, it is axiomatic that a pleading so attacked must be construed literally and broadly and every intendment and fair inference is in favor of the pleading and the court must accept as true the material allegations of fact contained in the complaint. (Garvin v. Garvin, 306 N. Y. 118.) If the plaintiff is entitled to recover on any theory of the facts pleaded, the-motion to dismiss must be denied (Abrams v. Allen, 297 N. Y. 52).
It is apparent that the plaintiff is charging the defendants with a breach of a contract to pay the plaintiff the reasonable value for the services performed by him at the request of the defendants, which is a sufficient pleaded cause of action in contract. Accordingly the motion is denied.
Plaintiff is granted leave to serve an amended complaint if so advised within 20 days after the service of a copy of the order to be entered herein, together with notice of entry thereof. Settle order on notice.