William R. Brennan, Jr., J.
Motion by the plaintiff pursuant to rules 103 and 113 of the Rules of Civil Practice. Cross motion to preclude for failure to serve a bill of particulars.
*749 As to the request to strike the answer as sham pursuant to rule 103, the motion is denied (Bess v. Ghana Philatelic Agency, 22 Misc 2d 175, 176).
With respect to the request for relief pursuant to rule 113, the papers submitted reveal the following facts: That a promissory note for $11,000 payable on December 10, 1959 was made by the Charm Button Co., Inc., to the order of the plaintiff on September 18, 1959; that the defendant guaranteed payment of the note and gave as collateral security a mortgage on her undivided three-fourths interest in the premises described in the complaint; that an extension of time for payment of the indebtedness to July 18, 1960 was thereafter agreed upon in writing; that interest at the rate of $150 a month was paid by the Charm Button Co., Inc., for the months of July, August and September of 1960.
The complaint pleads an action to foreclose the mortgage, praying for judgment in the sum of $11,000 with interest from October 18, 1960.
The defendant by her answer does not deny the making of the mortgage. In three defenses she pleads: (1) An extension agreement in July, 1960 extending the time for payment of the indebtedness “until the mortgaged property was sold” upon the payment of certain monthly interest in advance, the payment of said interest, and that the value of the mortgaged premises exceeds the amount of the indebtedness; (2) that the interest payments were received without protest or objection by the plaintiff as payments under said extension agreement; and (3) a waiver by the plaintiff of payment of the indebtedness on July 18, 1960.
In support of her defenses, the defendant submits her affidavit and that of her husband, an officer of Charm Button Co., Inc. In neither affidavit does the deponent claim personal participation in negotiations with the plaintiff for the extension agreement alleged in the answer. It is contended that the agreement was made with Jacob diner, Esq., an attorney for Charm Button Co., Inc., but no affidavit by said attorney is submitted. According to the affidavit of Sidney Blankman: “In July, 1960, as the then maturity date of the mortgage was drawing near, deponent was advised by Mr. Oliner, who had represented the plaintiff as well as the defendant in the loan transaction, that Mr. Levine had agreed to wait for repayment of mortgage principal to the date of title closing on the sale, but in return he wanted interest payments at the rate of $150 per month to be paid to him monthly in advance, beginning with July 18,1960. ’ ’
*750 The plaintiff does admit that Oliner, at whose office the note was payable, did request an extension of time to pay the note until a sale of the premises occurred under an outstanding option which had three months to run; that upon the condition that $150 interest would be payable monthly in advance but in no event for a longer period than three months, the plaintiff agreed to defer pressing for payment of the note for three months.
“ The purpose of summary judgment procedure is to search out the evidentiary facts and determine the existence of an issue from them. Bald conclusory assertions, even if believable, are not enough. Bald conclusory assertions,- which defy reality and are inconsistent with the pattern of events, are even less so.” (Kramer v. Harris, 9 A D 2d 282, 283.)
“It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up- in his answer are real and are capable of being established upon a trial.” (Di Sabato v. Soffes, 9 A D 2d 297, 301.)
Here, the defendant has merely submitted- affidavits containing hearsay evidence. Such affidavits have no probative value; A further extension of the mortgage would have to be in writing signed by the party to be bound thereby. Not only is such writing required by section 259 of the Real Property Law, but the last paragraph of the extension agreement annexed to the motion papers provides “ This agreement may not be changed or terminated orally ”, and under section 282 of the Real Property Law where a clause prohibiting an oral modification is present an executory agreement is ineffective to change or modify the written agreement unless the executory agreement is in writing and signed by the party against whom enforcement of the change is sought. As required of the plaintiff in Bakhshandeh v. American Cyanamid Co. (8 A D 2d 35) where section 33-c of the Personal Property Law was involved, the defendant in order to defeat summary judgment must establish, or at least show the possibility of establisning, the existence of a writing to satisfy the requirements of a statute , similar to section 33-c of the Personal Property Law, i.e., section 282 of the Real Property Law. The payment of the interest for July, August and September does not excuse the production of a writing on the basis of part performance of the new agreement for it may not be held that- said payments were unequivocally referable to the oral agreement (see Bright Radio Labs. v. Coastal Commercial Corp., 4 A D 2d 491, 494, affd. 4 N Y 2d 1021 ; Bakhshandeh v. American Cyanamid Co., supra, p. 38).
*751 Accordingly, the plaintiff is granted summary judgment for the relief requested in the complaint.
As to.the cross motion to preclude, the service of a demand for a bill of particulars may not be used, to delay the plaintiff in applying for summary judgment. An examination of the items demanded satisfies the court that the demand was served merely for that purpose. Cross motion denied.