■ JAMES J. LOVELL, et al., Respondent-Appellants, v JIMAL HOLDING CORPORATION, Appellant-Respondent.—In an action for specific performance of a contract for the sale of real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), entered July 29, 1985, as granted the plaintiffs' motion to renew, and, upon renewal, granted the plaintiffs' motion for summary judgment to the extent of directing it to convey the property in issue subject to an outstanding mortgage, and the plaintiffs cross-appeal from so much of the same order as directed them to take title to the premises subject to an existing mortgage.

Ordered that the order is affirmed, without costs or disbursements.

On October 18, 1983, the plaintiffs James L. and Judith A. Lovell and the defendant Jimal Holding Corporation by James Coughlin, its president, executed a contract of sale for premises 1458 Flatbush Avenue in Brooklyn. While, pursuant to paragraph 6 of the contract, the conveyance of the premises was to be "free of all encumbrances", paragraph 19 of the rider to the contract specifically provided, in pertinent part, that:

"If it should appear at the time for the delivery of the deed, as herein provided, that the premises are affected by any question of title, as to which the purchaser is not obligated to take subject in accordance with the terms of this agreement and which shall render the title of the seller unmarketable,

then, and in such event, seller shall not be obliged to take any steps or incur any expense with respect to the removal thereof, but the seller shall have the right, on notice thereof to the purchaser or the purchaser's attorney, to cancel this agreement".

A title search of the premises made subsequent to the execution of the contract revealed the existence of a $12,000 mortgage held by one Sidney Deutsch and executed by James Coughlin and his late sister Alice Coughlin, on October 16, 1967. Since the defendant was unable to clear the mortgage from the property, it asserted that title was unmarketable and therefore, pursuant to paragraph 19 of the rider, the defendant returned the plaintiffs' deposit and canceled the contract.

The plaintiffs rejected the return of the deposit and commenced the instant action for specific performance. Both the plaintiffs and the defendant moved for summary judgment. Pursuant to the provisions of paragraph 19 of the rider, Special Term issued a decision granting summary judgment to the defendant, stating, however, that the plaintiffs would be entitled to specific performance if they would be willing to take the premises subject to the mortgage.

On May 17, 1985, prior to entry of an order on that decision, the plaintiffs moved pursuant to CPLR 2221 for leave to renew and/or reargue and to vacate or modify the decision. In support of their motion, they averred, *inter alia,* that they were prepared to take title to the premises subject to the mortgage. Special Term granted the motion, holding that as its prior decision recognized the validity of the plaintiffs taking title subject to the mortgage and that since the plaintiffs were willing to take such title, summary judgment would be granted for the plaintiffs. Thus, in its order entered July 29, 1985, Special Term, *inter alia,* granted the plaintiffs' motion to renew, granted the plaintiffs' motion for summary judgment to the extent of allowing the plaintiffs to take title to the premises subject to the mortgage, and denied the defendant's cross motion for summary judgment.

This appeal ensued.

Special Term properly reconsidered its earlier decision since a court has the power to review its own decision prior to entry and settlement of an order *(see,* CPLR 2220; *Bonilla v Reeves, 49 Misc 2d 273).*

Turning to the merits of the case, we conclude that while Special Term was correct in holding that a purchaser may waive a defect in the title that might otherwise render title

unmarketable and thus obtain specific performance *(see, De Freitas v Holley,* 93 AD2d 852; *Valley Assocs. Corp. v Rogers,* 4 Misc 2d 382), that is not the determinative issue here. Under the facts of this case, the mortgage did not, in fact, render title unmarketable and the defendant was thus obligated to convey the premises to the plaintiffs. Under the contract at bar, the plaintiffs were entitled to marketable title *(see, Laba v Carey,* 29 NY2d 302, 322), i.e., "a good title, one that is free and clear from incumbrances and encroachments or from material defects" (Warren's Weed, Real Property, Marketability of Title, § 2.01, at 19). An undischarged mortgage of record does not constitute a defect in title where all action with respect thereto is barred by the six-year Statute of Limitations (62 NY Jur, Vendor and Purchaser, para 67, at 296; *Matter of Bond & Mtge. Guar. Co.,* 69 NYS2d 564; *see,* CPLR 213 [4]). Here, the mortgagee averred that he had received only one payment of $100 on the mortgage and that as of November 11, 1967, he was still owed $11,900, plus interest. Therefore, absent a toll of the Statute of Limitations, any claim for the principal and/or interest is time barred. Comortgager James Coughlin averred that the existence of the mortgage came as a "surprise" and he thought it had been paid. Taken in conjunction with the mortgagee's statement that he had received no payment since 1967, Mr. Coughlin's statement is sufficient evidence that any claim on the mortgage is time barred. Accordingly, the mortgage does not render title unmarketable and Special Term properly ordered the conveyance of the premises "subject to" the mortgage.

The plaintiffs agree that title is marketable but assert that the defendant is obligated to discharge the mortgage in any event. However, upon our review of the contract, we find no support for this contention. Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.