■ ANTHONY CORRADO, Respondent, v JOHN PETRONE et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. ALFRED PETRONE, Individually and as Executor of RITA CORRADO, Deceased, et al., Third-Party Defendants-Respondents.—In an action pursuant to RPAPL article 15, *inter alia,* to cancel and discharge of record a certain mortgage, the defendants third-party plaintiffs John Petrone and Florence Petrone, the mortgagees, appeal from an order of the Supreme Court, Westchester County (Martin, J.), entered June 19, 1986,

which, *inter alia,* granted the plaintiff's motion for, *inter alia,* summary judgment and dismissed a counterclaim as against him; and denied their cross motion for, *inter alia,* summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs to Anthony Corrado, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment providing that (1) the mortgage dated September 9, 1970, made by Rita Corrado to John Petrone and Florence Petrone covering the premises known as 61 East Devonia Avenue, Mt. Vernon, New York, recorded on October 6, 1970, in the office of the Clerk of the County of Westchester in Liber 7316 at page 625 be canceled and discharged of record, and (2) directing the respondent County Clerk of Westchester County to make an appropriate entry thereof in the county records.

Anthony Corrado (hereinafter the respondent), commenced this action, pursuant to RPAPL article 15, seeking, in relevant part, to cancel and discharge of record a mortgage dated September 9, 1970, given by Rita Corrado, now deceased, to the appellants, John and Florence Petrone. The mortgage was a lien on the premises located at 61 East Devonia Avenue, Mount Vernon, New York, currently owned by the respondent, and secured a debt of $11,000. By a document entitled a third-party complaint, which, in effect, asserted, *inter alia,* a counterclaim against the plaintiff Anthony Corrado, the appellants, in relevant part, sought to foreclose the mortgage.

Both the respondent and the appellants moved, *inter alia,* for summary judgment. According to the appellants, the sum of $11,000 was loaned to Rita Corrado in 1970 for use in her business, King Electrical Contractors, Inc. The appellants claim that Rita Corrado was to execute and deliver to them a bond evidencing the debt, but she failed to do so. The mortgage, however, provided, by its terms, that it was given to the appellants as further security for an $11,000 debt evidenced by four notes made in 1967 between the appellants and King Electrical Contractors, Inc. and that payment of the 1967 notes "shall be credited to and applied to the payment of this mortgage". The appellants do not explain or otherwise mention the 1967 notes in their motion papers.

The appellants conceded that they have not received any payments of principal or interest on the debt secured by the mortgage since the execution of the mortgage on September 9, 1970. Therefore, whether the mortgage was given to secure a loan made in 1967 or a later loan made in 1970, it is clear

that an action to foreclose the mortgage lien is now time barred (CPLR 213 [4]; *see, Lovell v Jimal Holding Corp.,* 127 AD2d 747, 749; *Martin v Stoddard,* 127 NY 61, 63; 38 NY Jur, Mortgages and Deeds of Trust, § 299, at 588, citing *Ernst v Schaack,* 297 NY 566; *First Natl. City Trust Co. v Caserta,* 29 Misc 2d 166). The appellants contend that they had orally agreed with Rita Corrado that the mortgage was not to become due and payable until the premises were sold. However, the mortgage provides that "This mortgage may not be changed or terminated orally". Thus, the appellants' claim is barred from consideration by the parol evidence rule (General Obligations Law §§ 5-703, 15-301 [1]; *see, Leone v Johnson,* 99 AD2d 567; *Matter of Oneida Park v First Natl. Credit Corp.,* 36 Misc 2d 1085, 1086; *Levine v Blankman,* 28 Misc 2d 748).

Accordingly, the respondent was entitled to cancellation and discharge of the mortgage in question *(see,* RPAPL 1501 [4]). We have, therefore, remitted the matter to the Supreme Court, Westchester County, for the entry of an appropriate judgment providing that the mortgage be canceled and discharged of record and directing the respondent County Clerk of Westchester County to make an appropriate entry thereof in the county records. Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.