■ JBR Construction Corp., Appellant, v William Staples, Respondent. [897 NYS2d 223]—

In an action for a judgment declaring that a certain mortgage of record is no longer valid and directing the County Clerk of Dutchess County to cancel the mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 30, 2009, which denied those branches of its motion which were for summary judgment declaring that the subject mortgage is invalid, and directing the County Clerk of Dutchess County to cancel the mortgage.

Ordered that the order is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment declaring that the subject mortgage is invalid, and directing the County Clerk of Dutchess County to cancel the mortgage are granted, and the matter is remitted to the

Supreme Court, Dutchess County, for the entry of a judgment declaring that the subject mortgage is invalid and directing the County Clerk of Dutchess County to cancel the mortgage.

RPAPL 1501 (4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (RPAPL 1501 [4]). Here, the plaintiff property owner made a prima facie showing of its entitlement to judgment as a matter of law declaring that the subject mortgage is invalid by establishing that a foreclosure action commenced by the defendant mortgagee in 2001 was dismissed by this Court as abandoned pursuant to CPLR 3215 (c) (*see Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459 [2008]), and that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations (*see* CPLR 213 [4]; *LePore v Shaheen*, 32 AD3d 1330, 1331 [2006]; *Corrado v Petrone*, 139 AD2d 483 [1988]; *see also Plaia v Safonte*, 45 AD3d 747 [2007]; *Zinker v Makler*, 298 AD2d 516 [2002]). In opposition, the defendant failed to raise a triable issue of fact as to whether the statute of limitations was tolled or revived (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Rack v Rushefsky*, 5 AD3d 753 [2004]). Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment declaring that the subject mortgage is invalid and directing the County Clerk of Dutchess County to cancel it (*see LePore v Shaheen*, 32 AD3d 1330 [2006]; *Corrado v Petrone*, 139 AD2d 483 [1988]).

That branch of the plaintiff's motion which sought cancellation of the notice of pendency filed in connection with the dismissed foreclosure action was not addressed by the Supreme Court. Accordingly, that branch of the plaintiff's motion remains pending and undecided, and the issues raised with respect thereto are not properly before us (*see Lend-Mor Mtge. Bankers Corp. v Nicholas*, 69 AD3d 680 [2010]; *Fremont Inv. & Loan v Delsol*, 65 AD3d 1013, 1015 [2009]; *Zellner v Tarnell*, 65 AD3d 1335, 1337 [2009]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the subject mortgage is invalid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). The judgment should further direct the County Clerk of

Dutchess County to cancel the mortgage (*see Corrado v Petrone*, 139 AD2d 483, 485 [1988]). Dillon, J.P., Miller, Eng and Roman, JJ., concur.