■ WACHOVIA MORTGAGE, FSB, Formerly Known as WORLD SAVINGS BANK, FSB, Appellant, v REBECCA JOSEF, Respondent, et al., Defendants. [27 NYS3d 608]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated November 22, 2013, as, upon granting its motion, inter alia, for summary judgment on the complaint and for an order of reference, sua sponte, barred it from collecting interest on the subject mortgage loan prior to November 22, 2013, and (2) from so much of an order of the same court, also dated November 22, 2013, as, sua sponte, barred it from collecting interest on the subject mortgage loan prior to November 22, 2013.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from so much of the first order as, sua sponte, barred the plaintiff from collecting interest on the subject mortgage loan prior to November 22, 2013, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the first order dated November 22, 2013 is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the provision in the second order dated November 22, 2013, which, sua sponte, barred the plaintiff from collecting interest on the subject mortgage loan prior to November 22, 2013, is vacated; and it is further,

Ordered that the appeal from the second order dated November 22, 2013 is dismissed, without costs or disbursements, on the ground that no appeal lies as of right from the portion of the order appealed from and we decline to grant leave to appeal since the appeal is rendered academic by our determination on the appeal from the first order; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In December 2009, the plaintiff commenced this action to foreclose on a residential mortgage of the defendant Rebecca Josef (hereinafter the defendant). Following receipt of the defendant's answer, the plaintiff moved, inter alia, for summary judgment on the complaint and an order of reference. The Supreme Court granted the motion in an order dated January 20, 2011.

In October 2013, the plaintiff moved to vacate the order dated January 20, 2011, and for a new order granting summary judgment on the complaint and an order of reference. The plaintiff's attorney, citing CPLR 2001, stated that the plaintiff was seek-

ing to vacate the prior order "in order to fully and properly comply with the Chief Administrative Judge's Order dated October 20, 2010," which requires the plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings. In an order dated November 22, 2013, the Supreme Court granted the plaintiff's motion. The court also "executed simultaneously" the plaintiff's proposed order, also dated November 22, 2013, granting the plaintiff's motion "in all respects." On both orders, the court appended language directing that "the computation of the amount due shall not include interest prior to the date of this order." The plaintiff appeals from those portions of the orders which, sua sponte, barred it from collecting interest on the subject mortgage loan prior to November 22, 2013.

"In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (*Dayan v York*, 51 AD3d 964, 965 [2008] [citations omitted]; *see* CPLR 5001 [a]).

The Supreme Court erred in, sua sponte, barring the plaintiff from collecting certain interest on the subject mortgage loan, since the plaintiff was not given notice that the court was considering limiting such interest, thereby depriving the plaintiff of its right to due process (*see PHH Mtge. Corp. v Hepburn*, 128 AD3d 659 [2015]; *Bank of N.Y. v Castillo*, 120 AD3d 598 [2014]; *Bank of Am., N.A. v Lucido*, 114 AD3d 714, 715 [2014]; *Matter of Griffin v Panzarin*, 305 AD2d 601 [2003]). In any event, the court improvidently exercised its discretion in determining that the plaintiff engaged in conduct warranting the limitation of interest (*cf. US Bank N.A. v Williams*, 121 AD3d 1098 [2014]; *Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d 835 [2012]; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983 [2011]; *Dayan v York*, 51 AD3d at 965-966). Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.