21st Mtge. Corp. v Nweke (2018 NY Slip Op 06509)





21st Mtge. Corp. v Nweke


2018 NY Slip Op 06509


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2015-11633
 (Index No. 130282/14)

[*1]21st Mortgage Corporation, etc., respondent,
v
Magdalene Nweke, appellant, et al., defendants.


Staten Island Legal Services, Staten Island, NY (Randi Scherman of counsel), for appellant.
Helfand & Helfand, New York, NY (Brian R. Elliott of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Magdalene Nweke appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated September 11, 2015. The order, insofar as appealed from, denied those branches of that defendant's cross motion which were for summary judgment on her counterclaims to cancel and discharge the subject mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282 and, sua sponte, imposed an equitable mortgage in favor of the plaintiff.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, imposed an equitable mortgage in favor of the plaintiff is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, those branches of the cross motion of the defendant Magdalene Nweke which were for summary judgment on her counterclaims to cancel and discharge the subject mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282 are granted, that portion of the order which imposed an equitable mortgage in favor of the plaintiff is vacated, and the matter is remitted to the Supreme Court, Richmond County, for a hearing, to be held forthwith, to determine the amount of attorneys' fees and expenses to be awarded to the defendant Magdalene Nweke pursuant to Real Property Law § 282, and thereafter for the entry of a judgment canceling and discharging the subject mortgage and awarding such attorneys' fees and expenses; and it is further,
ORDERED that one bill of costs is awarded to the defendant Magdalene Nweke.
In July 1999, the defendant Magdalene Nweke (hereinafter the defendant) obtained a loan from Ameriquest Mortgage Company (hereinafter Ameriquest), which was secured by a mortgage on her real property in Staten Island. The defendant defaulted on her mortgage payments, and on April 6, 2006, Ameriquest commenced an action to foreclose the mortgage (hereinafter the 2006 foreclosure action). Following a traverse hearing, a Judicial Hearing Officer determined that the defendant was not properly served with the summons and complaint. The parties subsequently [*2]entered into a stipulation discontinuing the 2006 foreclosure action.
On September 17, 2007, Ameriquest commenced a second foreclosure action (hereinafter the 2007 foreclosure action), which, upon Ameriquest's motion, was discontinued by order dated January 24, 2013. After a series of assignments, the note and the mortgage were transferred by assignment to the plaintiff. In March 2014, the plaintiff moved, inter alia, to vacate the order discontinuing the 2007 foreclosure action and to restore that action to the active calendar. Thereafter, in April 2014, the plaintiff, without explanation, withdrew its motion to restore.
In September 2014, the plaintiff commenced this action to foreclose the mortgage. In her answer, the defendant asserted six affirmative defenses, including the statute of limitations, as well as counterclaims, inter alia, to cancel and discharge the mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred and for summary judgment on her counterclaims to cancel and discharge the mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282.
In an order dated September 11, 2015, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint as barred by the applicable statute of limitations. The court denied the remainder of the defendant's cross motion and, sua sponte, imposed an equitable mortgage on the subject premises in favor of the plaintiff. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). " [E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Lubonty v U.S. Bank N.A., 159 AD3d 962, lv granted _____ NY3d _____, 2018 NY Slip Op 083111 [2018]).
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see Mizrahi v US Bank, N.A., 156 AD3d 617, 618).
Here, the defendant established her prima facie entitlement to judgment as a matter of law on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge the mortgage by demonstrating that more than six years had passed since the mortgage was accelerated and therefore this foreclosure action was time-barred (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986). The plaintiff did not raise a triable issue of fact in opposition (see JBR Constr. Corp. v Staples, 71 AD3d 952, 953; LePore v Shaheen, 32 AD3d 1330, 1331). Thus, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge the mortgage (see CPLR 213[4]; RPAPL 1501[4]; JBR Constr. Corp. v Staples, 71 AD3d at 953; LePore v Shaheen, 32 AD3d at 1331).
We disagree with the Supreme Court's determination to impose an equitable mortgage in favor of the plaintiff. The plaintiff never requested this relief, and the defendant was not afforded any notice nor an opportunity to be heard on this issue which amounted to a denial of the defendant's due process rights (see Chase Home Fin., LLC v Kornitzer, 139 AD3d 784, 785; Wachovia Mtge., FSB v Josef, 137 AD3d 1012, 1014). In any event, the doctrine of equitable mortgage is inapplicable to the circumstances of this case, where a legal written mortgage existed (see Payne v Wilson, 74 NY 348, 351; Allen v Union Fed. Mtge. Corp., 204 F Supp 2d 543, 546 [ED [*3]NY]).
The Supreme Court also should have granted that branch of the defendant's cross motion which was for summary judgment on her counterclaim for an award of attorneys' fees and expenses pursuant to Real Property Law § 282 since she was the prevailing party (see DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774; 640 Broadway Renaissance Co. v Rossiter, 256 AD2d 568, 569).
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.

2015-11633 DECISION & ORDER ON MOTION
21st Mortgage Corporation, etc., respondent,
v Magdalene Nweke, appellant, et al., defendants.
(Index No. 130282/14)

Motion by the respondent to dismiss an appeal from an order of the Supreme Court, Richmond County, dated September 11, 2015, on the ground that the portion of the order appealed from is not appealable as of right (see CPLR 5701). By decision and order on motion of this Court dated January 22, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied as academic.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court