1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A. (2020 NY Slip Op 00559)





1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A.


2020 NY Slip Op 00559


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-06386
 (Index No. 509470/15)

[*1]1081 Stanley Ave., LLC, appellant, 
v
Bank of New York Mellon Trust Company, N.A., etc., respondent.


Berg & David, PLLC, Brooklyn, NY (Abraham David and David Berg of counsel), for appellant.
McGlinchey Stafford PLLC, New York, NY (Brian S. McGrath and Mitra Paul Singh of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 1, 2017. The order denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted, and the defendant's cross motion for summary judgment dismissing the complaint is denied.
In April 2007, Maria Batista executed a note in the sum of $551,200 in favor of JPMorgan Chase Bank, N.A. (hereinafter Chase). The note was secured by a mortgage on residential property located in Brooklyn (hereinafter the premises). By assignment of mortgage dated February 13, 2009, Chase assigned the mortgage to Bank of New York Trust Company, N.A., as trustee for Chase Mortgage Finance Trust Series 2007-S4 (hereinafter Bank of New York Trust). In March 2009, Bank of New York Trust commenced an action (hereinafter the 2009 action) against Batista, among others, to foreclose the mortgage. In the complaint, Bank of New York Trust "elect[ed] to call due the entire amount secured by the mortgage." By order dated November 14, 2013, the Supreme Court dismissed the complaint in the 2009 action as abandoned pursuant to CPLR 3215(c).
On July 31, 2015, 1081 Stanley Ave., LLC (hereinafter the plaintiff), alleging that it
acquired the premises pursuant to a deed dated June 22, 2015, commenced the instant action against Bank of New York Trust pursuant to RPAPL article 15 to cancel and discharge the mortgage. Thereafter, on August 3, 2015, the plaintiff filed an amended complaint substituting Bank of New York Mellon Trust Company, N.A., formerly known as Bank of New York Trust, as Trustee for Chase Mortgage Finance Trust Series 2007-S4 (hereinafter the defendant), as the defendant in place of Bank of New York Trust. The plaintiff alleged in the amended complaint that any interest the defendant had in the premises was barred by the statute of limitations. The defendant interposed an answer, in which it asserted various affirmative defenses, including that the acceleration of the mortgage debt was revoked prior to the expiration of the statute of limitations and that Batista had acknowledged the debt, thereby restarting the statute of limitations.
The plaintiff moved for summary judgment on the complaint, and the defendant [*2]cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced (see Halfon v U.S. Bank, N.A., 169 AD3d 653, 654; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd __ NY3d __, 2019 NY Slip Op 08520 [2019]). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d at 963; HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Lubonty v U.S. Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
On its motion, the plaintiff demonstrated, prima facie, that the 2009 action accelerated the mortgage debt, that the 2009 action was dismissed as abandoned pursuant to CPLR 3215(c), and that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations (see Halfon v U.S. Bank, N.A., 169 AD3d at 654; Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d 886, 887-888; U.S. Bank N.A. v Martin, 144 AD3d 891, 892; JBR Constr. Corp. v Staples, 71 AD3d 952, 953). In opposition, the defendant failed to raise a triable issue of fact regarding its contentions that the acceleration of the mortgage debt was revoked and that Batista acknowledged the mortgage debt.
While a lender may revoke its election to accelerate the mortgage, it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see Aquino v Ventures Trust 2013-I-H-R by MCM Capital Partners, 172 AD3d 663; Milone v US Bank N.A., 164 AD3d 145, 151; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 987). The defendant submitted the affidavit of Mark Syphus, a Document Control Officer of Select Portfolio Servicing, Inc., the defendant's attorney-in-fact and loan servicer, to which was annexed a letter addressed to Batista, dated December 29, 2014, stating that the acceleration of the mortgage debt was "hereby rescinded." However, the defendant failed to show that the letter dated December 29, 2014, constituted an affirmative act revoking the acceleration, since the defendant submitted no evidence that the letter was sent to Batista (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34; Milone v US Bank N.A., 164 AD3d 145, 153-154; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983).
The defendant also failed to show that certain authorizations signed by Batista constituted acknowledgments of the mortgage debt sufficient to revive the statute of limitations. The authorizations that were signed in connection with Batista's attempts to negotiate a loan modification and/or to effect a short sale of the premises did not constitute unqualified acknowledgments of the debt sufficient to reset the running of the statute of limitations (see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 948; Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d at 887; U.S. Bank, N.A. v Kess, 159 AD3d 767, 768-769; Hakim v Peckel Family Ltd. Partnership., 280 AD2d 645, 645; Sichol v Crocker, 177 AD2d 842, 843).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint and denied the defendant's cross motion for summary judgment dismissing the complaint.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court