Puretz v Mae (2024 NY Slip Op 06227)

Puretz v Mae

2024 NY Slip Op 06227

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-08304
2020-08307
 (Index No. 152548/19)

[*1]Aron Puretz, et al., respondents,
v
Fannie Mae, etc., et al., appellants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau and Adam Weiss of counsel), for appellant Fannie Mae.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino of counsel), for appellant 382 Bartlett, LLC.
Menashe & Lapa, LLP, Montebello, NY (David Lapa of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant 382 Bartlett, LLC, appeals from (1) an amended order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated September 24, 2020, and (2) an order and judgment (one paper) of the same court dated October 27, 2020, and the defendant Fannie Mae separately appeals from the order and judgment. The amended order, insofar as appealed from by the defendant 382 Bartlett, LLC, upon reargument, in effect, vacated so much of an order of the same court dated April 29, 2020, as denied those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendant 382 Bartlett, LLC, and to strike that defendant's answer, affirmative defenses, and counterclaim, and thereupon, granted those branches of the plaintiffs' motion, and denied the cross-motion of the defendant 382 Bartlett, LLC, joined by the defendant Fannie Mae, for summary judgment on the counterclaim and first cross-claim of the defendant 382 Bartlett, LLC. The order and judgment, insofar as appealed from by the defendant 382 Bartlett, LLC, upon the amended order, granted the same relief to the plaintiffs, denied the same relief to the defendant 382 Bartlett, LLC, in effect, set aside the foreclosure sale of the real property, and canceled and discharged a quitclaim deed executed by the defendant Fannie Mae in favor of the defendant 382 Bartlett, LLC. The order and judgment, insofar as appealed from by the defendant Fannie Mae, upon the amended order, among other things, upon reargument, in effect, vacating so much of the order dated April 29, 2020, as denied that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the defendant Fannie Mae, and thereupon, granting that branch of the plaintiffs' motion, granted the same relief to the plaintiffs, in effect, set aside the foreclosure sale of the real property, and canceled and discharged a referee's deed executed in favor of the defendant Fannie Mae. The notice of appeal by the defendant Fannie Mae from the amended order is deemed to be a notice of appeal from the order and judgment (see CPLR 5512[a]).
ORDERED that the appeal by the defendant 382 Bartlett, LLC, from the amended order is dismissed; and it is further,
ORDERED that the order and judgment is reversed, on the law, upon reargument, the determination in the order dated April 29, 2020, denying the plaintiffs' motion for summary judgment on the complaint and to strike the answer, affirmative defenses, and counterclaim of the defendant 382 Bartlett, LLC, is adhered to, the cross-motion of the defendant 382 Bartlett, LLC, joined by the defendant Fannie Mae, for summary judgment on the counterclaim and first cross-claim of the defendant 382 Bartlett, LLC, is granted, the amended order is modified accordingly, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended judgment, inter alia, declaring that 382 Bartlett, LLC, is the fee owner of the real property; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal by the defendant 382 Bartlett, LLC, from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal by the defendant 382 Bartlett, LLC, from the order and judgment (see CPLR 5501[a][1]).
In November 2019, the plaintiffs commenced this action against the defendants, Fannie Mae and 382 Bartlett, LLC (hereinafter Bartlett), pursuant to RPAPL article15, seeking, among other things, to set aside a foreclosure sale of certain real property located in Staten Island that was the subject of a related mortgage foreclosure action (see Federal Natl. Mtge. Assn. v Puretz, 174 AD3d 860) (hereinafter the underlying action) and to vacate a referee's deed that was executed in favor of Fannie Mae in the underlying action and a quitclaim deed that was thereafter executed by Fannie Mae in favor of Bartlett. Bartlett interposed an answer with affirmative defenses, a counterclaim, and cross-claims to quiet title to the property pursuant to RPAPL article 15, to cancel and discharge of record the mortgage, and for related declaratory relief. Fannie Mae interposed an answer with affirmative defenses and a counterclaim.
The plaintiffs then moved in this action for summary judgment on the complaint and to strike Bartlett's answer, affirmative defenses, and counterclaim. In an order dated April 29, 2020 (hereinafter the April 2020 order), the Supreme Court denied the plaintiffs' motion. Thereafter, the plaintiffs moved, inter alia, for leave to reargue their prior motion for summary judgment on the complaint and to strike Bartlett's answer, affirmative defenses, and counterclaim. Bartlett opposed the motion and cross-moved for summary judgment on its counterclaim and first cross-claim, which sought to quiet title to the property pursuant to RPAPL article 15. Fannie Mae joined in Bartlett's opposition and cross-motion. By amended order dated September 24, 2020 (hereinafter the September 2020 order), the court, among other things, upon reargument, in effect, vacated the April 2020 order, and thereupon, granted those branches of the plaintiffs' motion, and denied Bartlett's cross-motion. In an order and judgment dated October 27, 2020, the court, upon the September 2020 order, granted the same relief to the plaintiffs, denied the same relief to Bartlett, in effect, set aside the foreclosure sale of the property, and canceled and discharged the referee's deed executed in favor of Fannie Mae and the quitclaim deed executed by Fannie Mae in favor of Bartlett. Bartlett and Fannie Mae separately appeal.
Where a judgment of foreclosure and sale is reversed on appeal, the successful appellant may seek restitution of the real property lost by the judgment (see CPLR 5015[d]; 5523). However, where the real property was sold pursuant to the judgment of foreclosure and sale, and the title is held by "a purchaser in good faith and for value," recovery is limited to the value of the real property (id. § 5523). In the absence of a stay of the sale or an outstanding notice of pendency, title of the purchaser in good faith and for value "is . . . insulate[d] . . . from the effects of an appellate reversal" (Da Silva v Musso, 76 NY2d 436, 441; see Singh v Ahamad, 154 AD3d 683, 684).
Here, in support of its cross-motion, Bartlett established, through an affidavit of its member, that Bartlett acquired title to the property subsequent to a foreclosure sale, without actual knowledge of a successful appeal by the plaintiffs in the underlying action that resulted in a vacatur of the judgment of foreclosure and sale (see Federal Natl. Mtge. Assn. v Puretz, 174 AD3d 860). The affidavit also demonstrated that the plaintiffs had not obtained a stay of the foreclosure sale in [*2]the underlying action. Under these circumstances, Bartlett established, prima facie, that it was a purchaser in good faith and for value entitled to the protection of CPLR 5523 (see Morris v Adams, 82 AD3d 946, 947). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court, upon reargument, should have denied the plaintiffs' motion for summary judgment on the complaint and to strike Bartlett's answer, affirmative defenses, and counterclaim and granted Bartlett's cross-motion, joined by Fannie Mae, for summary judgment on Bartlett's counterclaim and first cross-claim. Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended judgment, inter alia, declaring that Bartlett is the fee owner of the property (see Lanza v Wagner, 11 NY2d 317, 334). The judgment should further direct the County Clerk of Richmond County to cancel and discharge of record the mortgage (see Corrado v Petrone, 139 AD2d 483, 485).
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court