■ 63-65 CORPORATION, Appellant, v ROBERT PREVOSTI, Respondent. [814 NYS2d 184]—

In an action to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated March 4, 2005, which denied its motion, inter alia, for summary judgment cancelling and discharging a note and mortgage held by the defendant.

Ordered that the order is affirmed; and it is further,

Ordered that upon searching the record, summary judgment is awarded to the defendant dismissing the complaint, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On or about February 17, 1995, the defendant's predecessor-in-interest conveyed the subject real property to the plaintiff. The purchase was financed in part by a purchase money mortgage and note executed by the plaintiff, which required the payment of installments through February 17, 1998. It is undisputed that the plaintiff never made any payments. On or about March 12, 2004, the plaintiff commenced this action, seeking to cancel and discharge the note and mortgage pursuant to RPAPL 1501 (4) on the ground that the six-year statute of limitations (*see* CPLR 213 [4]) to enforce or foreclose on the note and mortgage had expired. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint, and the Supreme Court denied the motion.

Contrary to the plaintiff's contention, the Supreme Court properly denied its motion, inter alia, for summary judgment, since the plaintiff's submissions in support of the motion failed to make out its prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). The record further established that there was no question of fact necessitating a trial of this action. Rather, the plaintiff's submissions on the motion unequivocally demonstrated that in a previous action between the parties which was commenced by the plaintiff in 1997 and is still pending, the defendant alleged in his answer that the plaintiff had defaulted, inter alia, in paying the mortgage debt. The defendant also timely asserted a counterclaim in that action to recover the entire debt based on the plaintiff's default. Therefore, the defendant's timely interposition of this claim to recover on the debt refutes as a matter of law the plaintiff's argument that no such claim was asserted within the six-year statute of limitations. Although the defendant did not make a motion for summary judgment, this Court is empowered to search the record and award summary judgment to a party with respect to an issue that was the subject of another party's summary judgment motion "without the necessity of a cross-motion" (CPLR 3212 [b]; *see Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]; *Osborne v Zornberg*, 16 AD3d 643, 645 [2005]; *Urias v Orange County Agric. Socy.*, 7 AD3d 515, 516-517 [2004]). Accordingly, upon searching the record, we award summary judgment to the defendant dismissing the complaint.

In view of the foregoing, the plaintiff's remaining contentions need not be reached.

Under the circumstances of this case, we decline the defendant's request to impose costs or sanctions against the plaintiff. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.