■ Israel Kashipour et al., Appellants, v Wilmington Savings Fund Society, FSB, Respondent. [41 NYS3d 738]—

In an action pursuant to RPAPL 1501 (4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated January 25, 2016, which denied their motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment canceling and discharging of record the subject mortgage.

The plaintiffs commenced this action pursuant to RPAPL 1501 (4) to cancel and discharge of record a mortgage held by the defendant. The plaintiffs alleged that the mortgage was unenforceable since the debt secured by the mortgage had been accelerated, and the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage had expired. The plaintiffs moved for summary judgment on the complaint. As proof that the mortgage debt had been accelerated more than six years before the commencement of this action, the plaintiffs submitted a copy of the summons and complaint in a mortgage foreclosure action commenced by the defendant's predecessor-in-interest on August 20, 2009. They also submitted a copy of an order dismissing that action without prejudice for failure to comply with the notice requirements of RPAPL 1303. The plaintiffs alleged that no other foreclosure action had been commenced after the dismissal of that foreclosure action, and that they had remained in possession of the subject property since they purchased it in 2005. The defendant failed to oppose the motion. Nonetheless, in the order appealed from, the Supreme Court denied the motion on the ground that the plaintiffs were required to establish that the foreclosure action had been dismissed on the merits. We reverse.

As relevant here, RPAPL 1501 (4) authorizes a person having an estate or interest in real property subject to a mortgage to maintain an action against another to secure the cancellation and discharge of record of such encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided, however, that the mortgagee or its successor is not in possession of the affected real property at the time of the commencement of the action (see RPAPL 1501 [4]). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213 [4]). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2001]; see Plaia v Safonte, 45 AD3d 747, 748 [2007]; Koeppel v Carlandia Corp., 21 AD3d 884 [2005]; Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894 [1994]).

Here, the plaintiffs submitted proof that the mortgage debt was accelerated on August 20, 2009, and thus the six-year statute of limitations for an action to foreclose the mortgage had expired by the time the instant action was commenced on September 3, 2015. They additionally submitted proof that they, and not the defendant, were in possession of the subject property. Consequently, the plaintiffs established, prima facie, their entitlement to judgment as a matter of law on the complaint. Contrary to the Supreme Court's determination, whether the foreclosure action was dismissed on the merits was not relevant to the subject determination. It is undisputed that no foreclosure action was pending at the time the instant action was commenced, and the mortgage debt had been accelerated and the entire amount was due more than six years prior to the commencement of the instant action (*cf. Caliguri v JPMorgan Chase Bank, N.A.*, 121 AD3d 1030 [2014]). Although a lender may revoke its election to accelerate the mortgage, the dismissal of the prior foreclosure action by the court did not constitute an affirmative act by the lender revoking its election to accelerate, and the record is barren of any affirmative act of revocation occurring during the six-year limitations period subsequent to the initiation of the prior action (*see Clayton Natl. v Guldi*, 307 AD2d 982 [2003]; *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 606 [2001]; *Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d at 894). Accordingly, the plaintiffs' unopposed motion for summary judgment on the complaint should have been granted. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.