■ Fabtastic Abode, LLC, Respondent, v Constantine Arcella, as Executor of John F. Arcella, Deceased, Appellant. [60 NYS3d 318]—

In an action, inter alia, in effect, for a judgment declaring that the plaintiff has unencumbered title to real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated

August 21, 2015, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 14, 1985, John F. Arcella, the defendant's decedent (hereinafter the decedent), conveyed the subject real property to the plaintiff's predecessor-in-interest. The purchase was financed by a purchase-money mortgage and note executed by the plaintiff's predecessor-in-interest, which required the payment of installments through November 14, 2005. In 1989, the plaintiff's predecessor-in-interest defaulted in making the required payments, and the decedent commenced an action to foreclose the mortgage (hereinafter the foreclosure action). No judgment of foreclosure and sale was entered in the foreclosure action. However, in an order dated December 4, 1998, the Supreme Court authorized the decedent to "enter upon, take possession of and manage the premises herein in accordance with the terms of the mortgage." A provision of the mortgage assigned "the rents, issues and profits of the premises" to the mortgagee as further security for the debt until the mortgage was paid.

In January 2012, the plaintiff commenced this action, inter alia, for a judgment declaring that the mortgage was paid in full and, in effect, declaring that the plaintiff has unencumbered title to the property. The defendant served an answer asserting an affirmative defense that the action was time-barred. Thereafter, the defendant moved for summary judgment dismissing the complaint, arguing, among other things, that the action was time-barred. In an order dated August 21, 2015, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.

The Supreme Court properly determined that this action is one to quiet title and that, under CPLR 212 (a), read together with RPAPL 311, the action was timely (see Elam v Altered Ego Realty Holding Corp., 114 AD3d 901, 903 [2014]). Contrary to the defendant's contention, this action is not barred by RPAPL 1501 (4), since it is not one to discharge the mortgage on the ground that an action to enforce the mortgage is time-barred (cf. 63-65 Corp. v Prevosti, 28 AD3d 469 [2006]). Moreover, CPLR 212 (c), which governs the timeliness of actions to redeem a mortgage, is inapplicable since the instant action is not one to "redeem" a mortgage by "making payment of the debt owed to the mortgagee" (D & L Holdings v Goldman Co., 287 AD2d 65, 69 [2001]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.