(August 30, 2017)

■  53 PL Realty, LLC, Appellant, v US Bank National Association, Respondent. [61 NYS3d 120]—

In an action pursuant to RPAPL 1501 (4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated October 18, 2016, which denied its unopposed motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant canceling and discharging that mortgage, upon the defendant's failure to appear or answer.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' unopposed motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant canceling and discharging of record the subject mortgage, upon the defendant's failure to appear or answer, is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment canceling and discharging of record the subject mortgage.

The prior owners of real property in Brooklyn obtained a loan from the defendant's predecessor-in-interest which was secured by a mortgage on that property. The mortgage was recorded on April 9, 2007. When the prior owners failed to make payments in accordance with the terms of the mortgage note, the defendant's predecessor-in-interest commenced an action in January 2008 to foreclose that mortgage. The mortgage foreclosure action was eventually dismissed pursuant to CPLR 3216 due to the failure to prosecute that action, and the motion to vacate the dismissal was thereafter denied. Subsequently, title to the subject property was transferred to the plaintiff.

In 2016, the plaintiff commenced this action pursuant to RPAPL 1501 (4) to cancel and discharge of record the subject mortgage held by the defendant. The plaintiff alleged that the mortgage was unenforceable since the debt secured by the mortgage had been accelerated in 2008, so that the period of time in which to commence an action to foreclose the mortgage had expired. The defendant did not appear in the action or answer the complaint.

The plaintiff moved pursuant to CPLR 3215 for leave to enter a judgment against the defendant canceling and discharging of record the mortgage, upon the defendant's failure to appear or answer. The defendant did not oppose the motion. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.

The Supreme Court improperly denied the plaintiff's unopposed motion pursuant to CPLR 3215. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (*U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *see* CPLR 3215 [f]; *HSBC Bank USA, N.A. v Clayton*, 146 AD3d 942, 944 [2017]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 843 [2015]). Here, the plaintiff satisfied these requirements (*see U.S. Bank, N.A. v Razon*, 115 AD3d at 740). In support of its motion, the plaintiff submitted a copy of the affidavit of service indicating that the defendant had been served with process (*see* CPLR 311 [a] [1]).

Further, with respect to an action pursuant to RPAPL 1501 (4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage had expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharged the mortgage was commenced (*see* RPAPL 1501 [4]; *Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d 985, 986 [2016]). An action to foreclose a mortgage has a six-year statute of limitations (*see* CPLR 213 [4]; *Wells Fargo Bank, N.A. v Eitani*, 148 AD3d 193, 197 [2017]; *Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d at 986; *Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982 [2012]; *Clayton Natl. v Guldi*, 307 AD2d 982 [2003]). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (*EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]; *see Beneficial Homeowner Serv. Corp. v Tovar*, 150 AD3d 657, 658 [2017]).

Here, the plaintiff submitted a copy of the summons and complaint filed in the mortgage foreclosure action commenced by the defendant's predecessor-in-interest and the order dismissing that action pursuant to CPLR 3216 which demonstrated that the mortgage was accelerated in 2008 more than six years before the commencement of this action and that there was no longer a pending mortgage foreclosure action (*see Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d at 986). In addition, the summons and the complaint, along with the subject mortgage documents, submitted by the plaintiff on its motion, demonstrated that the defendant's predecessor-in-

interest had standing to commence the mortgage foreclosure action (*cf. Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 983).

Further, the plaintiff demonstrated that the applicable statute of limitations had expired even if the limitations period was calculated from November 21, 2008, the date by which the Federal Deposit Insurance Corporation was appointed as receiver for the defendant's predecessor-in-interest (*see* 12 USC § 1821 [d] [14] [A] [i] [I], [II]; [B] [i], [ii]).

Moreover, contrary to the Supreme Court's determination, whether the mortgage foreclosure action was dismissed on the merits is not relevant to the determination of the plaintiff's motion in this action (*see Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d at 987; *see also JBR Constr. Corp. v Staples*, 71 AD3d 952, 953 [2010]).

In light of our determination, we need not reach the plaintiff's remaining contention.

Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion for leave to enter a judgment against the defendant canceling and discharging of record the subject mortgage. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.