Lubonty v U.S. Bank N.A. (2018 NY Slip Op 02153)





Lubonty v U.S. Bank N.A.


2018 NY Slip Op 02153


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-10458
 (Index No. 21853/14)

[*1]Gregg Lubonty, appellant, 
v
U.S. Bank National Association, etc., respondent.


Lester & Associates, P.C., Garden City, NY (Peter K. Kamran of counsel), for appellant.
Hinshaw & Cullbertson LLP, New York, NY (Schuyler B. Kraus and Joseph G. Silver of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated August 17, 2015, which granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2005, the plaintiff obtained a loan from American Home Mortgage Acceptance, Inc. (hereinafter AHMA), which was secured by a mortgage on his real property in Southampton, Suffolk County. The plaintiff defaulted on his mortgage payments, and on June 11, 2007, AHMA commenced an action to foreclose the mortgage. AHMA's action was subsequently dismissed as abandoned pursuant to CPLR 3215(c). In May 2011, the mortgage and debt were transferred by assignment of mortgage to the defendant, U.S. Bank National Association (hereinafter U.S. Bank), which commenced a second foreclosure action on June 9, 2011. The second action was dismissed in October 2014 for lack of personal jurisdiction.
In November 2014, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. The complaint alleged that enforcement of the mortgage was barred by the applicable six-year statute of limitations (see CPLR 213[4]), which began to run on June 11, 2007, when AHMA accelerated the debt by commencing the first action to foreclose the mortgage. U.S. Bank moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, contending that the plaintiff had filed a petition in bankruptcy shortly after the commencement of each foreclosure action, activating automatic stays which tolled the running of the statute of limitations pursuant to CPLR 204(a). In the order appealed from, the Supreme Court granted the motion. We affirm.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of [*2]every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d 986, 986; see Leon v Martinez, 84 NY2d 83, 88). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see CPLR 3211[c]; Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d at 986). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1229 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage had expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced (see RPAPL 1501[4]; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). An action to foreclose a mortgage has a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867).
Section 362 of the 1978 Bankruptcy Code (11 USC) provides that the filing of a petition in bankruptcy "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title" (11 USC § 362[a][1]). The filing of a petition for protection under the Bankruptcy Code imposes "an automatic stay of any mortgage foreclosure actions" (Mercury Capital Corp. v Shepherds Beach, 281 AD2d 604, 605; see 11 USC § 362[a][1]; Zuckerman v 234-6 W. 22 St. Corp., 267 AD2d 130). CPLR 204(a) provides that "[w]here the commencement of an action has been stayed . . . by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." Pursuant to CPLR 204(a), the Bankruptcy Code's automatic stay tolls the limitations period for foreclosure actions (see PSP-NC, LLC v Raudkivi, 138 AD3d 709, 711; Zuckerman v 234-6 W. 22 St. Corp., 267 AD2d 130).
Here, in support of its motion to dismiss pursuant to CPLR 3211(a)(7), U.S. Bank submitted copies of the plaintiff's petitions filed in the Bankruptcy Court, together with copies of the orders dismissing the first bankruptcy proceeding and releasing the subject property from the bankruptcy estate in the second bankruptcy proceeding, thereby establishing that, pursuant to CPLR 204(a), the statute of limitations had been tolled for over 4½ years. Therefore, U.S. Bank's right to commence a foreclosure action in this matter was extended until December 2017. By showing that a material fact as claimed by the plaintiff was not a fact at all, U.S. Bank established its entitlement to dismissal of the action pursuant to CPLR 3211(a)(7) (see Guggenheimer v Ginzburg, 43 NY2d at 275).
The plaintiff's contention that CPLR 204(a) does not apply here because the earlier foreclosure actions had already been commenced when the petitions in bankruptcy were filed is without merit (see MLG Capital Assets v Judith Eidelkind Trust, 275 AD2d 357).
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court