DLJ Mtge. Capital, Inc. v Hirsh (2018 NY Slip Op 03505)





DLJ Mtge. Capital, Inc. v Hirsh


2018 NY Slip Op 03505


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-01135
 (Index No. 5739/15)

[*1]DLJ Mortgage Capital, Inc., respondent, 
v
Yael Hirsh, et al., appellants, et al., defendants.


Kasowitz Benson Torres LLP, New York, NY (Joshua A. Siegel and Jeffrey Ephraim Glatt of counsel), for appellants.
McGlinchey Stafford, New York, NY (Brian McGrath and Fincey John of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yael Hirsh and Rochelle Stern appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated December 10, 2015. The order denied those defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The defendants Yael Hirsh and Rochelle Stern (hereinafter together the defendants) executed a consolidated note in the sum of $1,700,000 in favor of Fairmont Funding, Ltd., which was secured by a mortgage on residential property located in Nassau County. The defendants allegedly defaulted on their monthly payments beginning in December 2006.
The plaintiff, DLJ Mortgage Capital, Inc. (hereinafter DLJ), commenced a mortgage foreclosure action by the filing of a summons and complaint on June 12, 2007. DLJ sought summary judgment in that action; the Supreme Court denied that motion, finding that there were triable issues of fact as to the standing of DLJ. In particular, the court found that a written assignment of the note from Fairmont Funding, Ltd., to DLJ was executed after the commencement of the action, and that there was no admissible evidence showing that the note had been physically delivered to DLJ before the commencement of the action. Subsequently, by order dated July 16, 2009, the court granted the application of DLJ to discontinue the 2007 foreclosure action.
DLJ commenced the instant action in 2015 to foreclose the mortgage. The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them. The Supreme Court denied the motion, and the defendants appeal.
We agree with the Supreme Court's determination to deny the defendants' motion to dismiss the amended complaint insofar as asserted against them based on the statute of limitations. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). [*2]That limitations period begins to run when the mortgagee or its predecessor elects to accelerate the mortgage (see U.S. Bank, N.A. v Martin, 144 AD3d 891, 891-892; EMC Mtge. Corp. v Smith, 18 AD3d 602; Loiacono v Goldberg, 240 AD2d 476, 477). Where a mortgage is payable in installments, "once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895).
We disagree with the defendants' contention that a May 2007 notice sent by DLJ accelerated the mortgage; that letter merely indicated that acceleration was a possible future event, and consequently it did not constitute an exercise of the mortgage's optional acceleration clause (see 21st Mtge. Corp. v Adames, 153 AD3d 474, 475; Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121, 1122-1123). Further, neither the prosecution of the 2007 mortgage foreclosure action nor DLJ's motion for summary judgment in the context of that action was shown to constitute a valid acceleration of the mortgage, as the written assignment of the mortgage to DLJ was executed after the commencement of that action, and the record contains no evidence of prior assignment or delivery of the note to DLJ (see 21st Mtge. Corp. v Adames, 153 AD3d at 475; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983-984; cf. Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232).
Therefore, we agree with the Supreme Court that the defendants failed to demonstrate that this action is time-barred (see 21st Mtge. Corp. v Adames, 153 AD3d at 475; Goldman Sachs Mtge. Co. v Mares, 135 AD3d at 1122-1123; see also NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1070).
In view of the foregoing, we need not reach DLJ's additional contention.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court