21st Mtge. Corp. v Osorio (2018 NY Slip Op 08618)





21st Mtge. Corp. v Osorio


2018 NY Slip Op 08618


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-06229
 (Index No. 704067/15)

[*1]21st Mortgage Corporation, etc., appellant,
v
Michelle Napier Osorio, etc., et al., defendants, Mesias Arias, et al., respondents.


Helfand & Helfand, New York, NY (Brian R. Elliott and Diane Bradshaw of counsel), for appellant.
Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert and Robert Frommer of counsel), for respondent Mesias Arias.
Wasserman Grubin & Rogers, LLP, New York, NY (Richard Wasserman, Brian H. Fischkin, and Ariana Acevedo of counsel), for respondent Mario Cueva.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Jacob E. Amir and Peter Dawson of counsel), for respondent Hudson City Savings Bank.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.) entered May 18, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Hudson City Savings Bank which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred, and upon converting those branches of the separate motions of the defendants Mesias Arias and Mario Cueva which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred to motions for summary judgment, granted those branches of the motions.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In March 1998, nonparty Marion Napier executed a note in favor of Saxon National Mortgage Bankers, Ltd., which was secured by a mortgage on real property located in East Elmhurst (hereinafter the premises). Marion died in 2001. In March 2003, Bank One National Association (hereinafter Bank One), as assignee of the mortgage, commenced an action against Michelle Napier Osorio, Aaron Napier, and Mark Napier, as "Heir[s] of the Estate of Marion Napier, the Surviving Spouse of Freeman M. Napier," among others, to foreclosure the mortgage. A judgment of foreclosure and sale was entered on default, and the property was sold at public auction to a nonparty. However, the judgment of foreclosure and sale was vacated, and the sale was set aside based on Bank One's failure to serve process upon Michelle, a necessary party (see Bank One Natl. Assn. v Osorio, 26 AD3d 452).
In April 2015, the plaintiff, as the current owner and holder of the subject note and [*2]mortgage, commenced this action against Michelle Napier Osorio, Aaron Napier, and Mark Napier, as "Heir[s] to Marion Napier, Deceased," Mesias Arias and Mario Cueva, the current owners of the premises, and Hudson City Savings Bank (hereinafter Hudson), among others, to foreclose the same mortgage. Hudson, Arias, and Cueva separately moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred. In the order appealed from, the Supreme Court granted that branch of Hudson's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In addition, the court, inter alia, converted those branches of the respective motions of Arias and Cueva which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred to motions for summary judgment and granted those branches of the motions. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Acceleration occurs, inter alia, by the commencement of a foreclosure action in which the entire debt is sought to be recovered (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; Fannie Mae v 133 Mgt., LLC, 126 AD3d 670). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070; see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935).
Here, Hudson, Arias, and Cueva (hereinafter collectively the defendants) established, prima facie, that this action was untimely. The defendants submitted evidence demonstrating that the mortgage debt was accelerated in 2003 by the filing of the summons and complaint seeking the entire unpaid balance of principal in the prior foreclosure action (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 987). Therefore, the applicable six-year statute of limitations had expired by the time the plaintiff commenced the instant action in April 2015 (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935).
In opposition, the plaintiff failed to raise a question of fact. There is no evidence in the record of any affirmative act of revocation occurring during the six-year limitations period following the initiation of the prior foreclosure action (see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 987; Clayton Natl. v Guldi, 307 AD2d 982).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant that branch of Hudson's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred, and to grant those branches of the separate motions of Arias and Cueva which were for summary judgment dismissing the complaint insofar as asserted against each of them as time-barred.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court