BH 263, LLC v Bayview Loan Servicing, LLC (2019 NY Slip Op 06586)





BH 263, LLC v Bayview Loan Servicing, LLC


2019 NY Slip Op 06586


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-06225
2017-06226
 (Index No. 503496/16)

[*1]BH 263, LLC, respondent,
v
Bayview Loan Servicing, LLC, appellant.


Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for appellant.
Menashe & Associates, LLP, Montebello, NY (Shoshana Schneider of counsel), for respondent.



DECISION & ORDER
In an action to cancel and discharge of record a mortgage, the defendant appeals from two orders of the Supreme Court, Kings County (Genine D. Edwards, J.), both dated June 2, 2017. The first order granted the plaintiff's motion for summary judgment on the complaint and directed the Kings County Clerk to cancel and discharge the subject mortgage. The second order, insofar as appealed from, denied the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the first order is affirmed; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In March 2007, nonparty Noel Palmer obtained a loan from Washington Mutual Bank, FA (hereinafter WaMu), secured by a mortgage on real property located in Brooklyn. In July 2008, WaMu commenced an action to foreclose the mortgage (hereinafter the 2008 foreclosure action), and sought, in the complaint, to recover the full balance due. In an order dated September 10, 2013, the Supreme Court directed the dismissal of the complaint in the 2008 foreclosure action
as abandoned pursuant to CPLR 3215(c), and vacated the notice of pendency. In April of 2014, the mortgage was assigned to Bayview Loan Servicing, LLC (hereinafter Bayview).
In January 2015, the plaintiff purchased the subject property from Palmer. In March 2016, the plaintiff commenced this action to cancel and discharge the mortgage of record. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint, and Bayview cross-moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted the motion and denied the cross motion, and Bayview appeals.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real [*2]property at the time the action to cancel and discharge the mortgage was commenced (see Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, lv granted 32 NY3d 903). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d at 962; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Lubonty v U.S. Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986).
Here, in support of its motion the plaintiff established that it was the current owner of the subject property, that "[a]n acceleration of the full amount of the debt occurred in this instance upon the filing of the summons and complaint in the [2008] foreclosure action" (Milone v US Bank N.A., 164 AD3d 145, 152), i.e., on July 23, 2008, and that, accordingly, the statute of limitations expired six years later, on July 23, 2014 (see id. at 152-153). Thus, by establishing that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations (see Milone v US Bank N.A., 164 AD3d at 152-153; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986), the plaintiff met its prima facie burden of demonstrating its entitlement to judgment as a matter of law on the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562). In opposition to the plaintiff's prima facie showing, Bayview failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324). Bayview also failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint.
Bayview's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the complaint and denying Bayview's cross motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court