Vitolo v U.S. Bank N.A. (2020 NY Slip Op 02494)





Vitolo v U.S. Bank N.A.


2020 NY Slip Op 02494


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-04240
 (Index No. 135687/16)

[*1]Norma Vitolo, appellant, 
v
U.S. Bank National Association, etc., respondent.


Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford and Kerri L. Bringslid of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph B. Teig of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated August 17, 2018. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment, and granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2005, the plaintiff, Norma Vitolo, obtained from First Central Savings Bank a loan, which was secured by a mortgage on residential property located in Staten Island. Vitolo allegedly defaulted on her monthly mortgage payments beginning in December 2008.
By letter dated January 25, 2009, Vitolo received notice that her mortgage was in default, and "[u]nless the payments on your loan can be brought current by February 24, 2009, it will become necessary to accelerate your Mortgage Note." The letter further warned that Vitolo's failure to pay the delinquent amount "will result in the acceleration of your Mortgage Note," and that "[i]f funds are not received by the above stated date, we will proceed to automatically accelerate your loan."
In May 2009, U.S. Bank National Association (hereinafter U.S. Bank) commenced an action to foreclose the mortgage. The complaint in that action was dismissed on January 11, 2016, due to U.S. Bank's lack of standing.
In August 2016, Vitolo commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In September 2016, U.S. Bank commenced a new action to foreclose the mortgage. That action is the subject of a related appeal (see U.S. Bank N.A. v Vitolo, ___ AD3d ___ [decided herewith]).
In October 2016, Vitolo moved for leave to enter a default judgment. U.S. Bank cross-moved pursuant to CPLR 3211 to dismiss the complaint, or in the alternative, to extend its time to answer and to consolidate the action with the pending mortgage foreclosure action. In an order dated August 17, 2018, the Supreme Court granted that branch of U.S. Bank's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint, and denied Vitolo's motion for [*2]leave to enter a default judgment. Vitolo appeals, and we affirm.
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in real property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see JBR Constr. Corp. v Staples, 71 AD3d 952, 953).
"Determining when a mortgage has been accelerated, and, thus, when the statute of limitations began to run, is an essential component of an action pursuant to RPAPL 1501(4)" (Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659; see Milone v US Bank N.A., 164 AD3d 145, 151-152). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy. FSB, 144 AD3d 985, 986), and " once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy. FSB, 144 AD3d at 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Vitolo contends that the Supreme Court erred in its determination that the letter dated January 25, 2009, did not accelerate her entire unpaid debt. This contention is without merit. As the court determined, the letter did not accelerate the debt, but "was merely an expression of future intent that fell short of an actual acceleration" (Milone v US Bank N.A., 164 AD3d at 152; see U.S. Bank National Association v Gordon, 176 AD3d 1006; see also Bank of N.Y. Mellon v Morris, 172 AD3d 1150, 1151; North Shore Invs. Realty Group LLC v Traina, 170 AD3d 737, 738).
Accordingly, we agree with the Supreme Court's determination granting that branch of U.S. Bank's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint, and denying Vitolo's motion for leave to enter a default judgment.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court