Sharf v Wells Fargo Bank, N.A. (2020 NY Slip Op 05249)





Sharf v Wells Fargo Bank, N.A.


2020 NY Slip Op 05249


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-01399
 (Index No. 500423/18)

[*1]Abraham Sharf, et al., appellants,
v
Wells Fargo Bank, N.A., etc., respondent.


Solomon Rosengarten, Brooklyn, NY, for appellants.
Sandelands Eyet LLP, New York, NY (Harold Kofman of counsel), for respondent.



DECISION & ORDER
In an action to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 14, 2018. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2007, Abraham Sharf and Sarah Sharf (hereinafter together the Sharfs) executed a consolidation, extension, and modification agreement, combining two mortgages to form a single lien against their property. On June 8, 2010, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action against, among others, the Sharfs to foreclose the consolidated mortgage (hereinafter the foreclosure action). In the complaint, Wells Fargo sought to recover the full balance due on the consolidated mortgage. In an order dated July 30, 2012, the Supreme Court denied Wells Fargo's motion for an order of reference on the ground that the papers submitted in support of the motion were "deficient" and directed that the action would be dismissed if Wells Fargo failed to submit proper papers within 60 days.
On January 9, 2018, the Sharfs commenced this action to cancel and discharge of record the consolidated mortgage, alleging that more than six years had elapsed since Wells Fargo accelerated the consolidated mortgage when it commenced the foreclosure action. Thereafter, the Sharfs moved for summary judgment on the complaint. In an order dated December 14, 2018, the Supreme Court, inter alia, denied the Sharfs' motion, finding that there was a triable issue of fact as to whether Wells Fargo provided notice to the Sharfs of its intention to accelerate the mortgage debt prior to commencing the foreclosure action, as required under the terms of the consolidated mortgage. The Sharfs appeal. We affirm the order insofar as appealed from, albeit on a different ground.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced" (Diji v Deutsche Bank Natl. Trust Co., 177 AD3d 675, 676). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if a mortgage is payable in [*2]installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Diji v Deutsche Bank Natl. Trust Co., 177 AD3d at 676, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "The acceleration of a mortgage debt may occur when the holder of the note 'commences an action to foreclose upon [the] note and mortgage and seeks, in the complaint, payment of the full balance due'" (21st Mtge. Corp. v Balliraj, 177 AD3d 687, 688, quoting Milone v US Bank N.A., 164 AD3d 145, 152).
Here, the Sharfs established, prima facie, that Wells Fargo elected to accelerate the mortgage debt when it commenced the foreclosure action and sought payment of the full balance due (see Halfon v U.S. Bank, N.A., 169 AD3d 653, 654; Milone v US Bank N.A., 164 AD3d at 152-153). Contrary to the Supreme Court's determination, there is no evidence in the record that Wells Fargo failed to satisfy the notice of default condition in the consolidated mortgage prior to the commencement of the foreclosure action.
Nevertheless, the Sharfs failed to establish their prima facie entitlement to judgment as a matter of law, since they failed to eliminate triable issues of fact as to whether the foreclosure action is still pending (see 63-65 Corp. v Prevosti, 28 AD3d 469, 470; cf. 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895). The Sharfs did not submit any evidence to support their assertion that the foreclosure action was dismissed pursuant to the order dated July 30, 2012, due to the failure of Wells Fargo to file proper papers. To the contrary, the Sharfs submitted a printout of activity in the foreclosure action indicating the filing of a notice of pendency on May 7, 2014, and "[c]onsent to change attorney" on March 24, 2016. Since the Sharfs failed to satisfy their prima facie burden, the sufficiency of Wells Fargo's opposition papers need not be addressed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the Sharfs' motion for summary judgment on the complaint.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court